OPINION
MICHEL, Circuit Judge.
Hubert Dorcant (“Dorcant”) was convicted in a jury trial of a total of sixteen counts of immigration fraud-related offenses: (1) eight counts of presentation of false immigration documents in violation of *291 18 U.S.C. § 1546(a); (2) five counts of mail fraud in violation of 18 U.S.C. § 1341; and (3) three counts of making false statements in violation of 18 U.S.C. § 1001. Dorcant now appeals the district court’s imposition of a forty-one month prison sentence upon each count, to be served concurrently, as well as a three year term of supervised release for each count, likewise to be served concurrently. We will affirm the sentence imposed by the district court.
I.
We review the sentence imposed by the district court for an abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); see also United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009) (en banc). We conduct that review for abuse of discretion in two stages. Tomko, 562 F.3d at 567. First, we ensure that “the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, ... or failing to adequately explain the chosen sentence^]” Id. Second, if the district court committed no procedural error, we consider the sentence’s substantive reasonableness. Id. Our review for substantive reasonableness is “highly deferential.” Id. at 568 (quoting United States v. Bungar, 478 F.3d 540, 543 (3d Cir.2007)). In other words we will affirm the district court’s sentence “unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” Tomko, 562 F.3d at 568.
Following a twelve-day trial, the jury returned a verdict of guilty on all sixteen counts on November 7, 2008. On December 29, 2008, the United States Probation Office (the “Probation Office”) submitted its Presentence Report (“PSR”), employing the 2008 edition of the United States Sentencing Guidelines (“the Guidelines”). Pursuant to the Guidelines, the Probation Office grouped counts 1-8 (presentation of false immigration documents) and counts 14-16 (making false statements) together as Group One and counts 9-13 (mail fraud) together as Group Two. U.S.S.G. § 3D1.2(b). The PSR then calculated that the base offense level for Group One was 11 (U.S.S.G. § 2L2.1(a)) with a six-level increase because the offense involved between 25 and 99 fraudulent documents (U.S.S.G. § 2L2.1(b)(2)(B)), resulting in a total offense level of 17. The base offense level for Group Two was 7 (U.S.S.G. § 2Bl.l(a)) to which was added a six-level increase because the total loss to the victims was more than $30,000 but less than $70,000 (U.S.S.G. § 2Bl.l(b)(l)(D)), resulting in a total offense level of 13.
A multiple-count adjustment increase of 2 was added to the adjusted offense levels of Groups 1 and 2, resulting in a total offense level of 19. (U.S.S.G. § 3D1.4). After calculating that Dorcant had a criminal history category of II, the PSR calculated that the Guidelines advisory sentence range was 33 to 41 months’ imprisonment.
On January 21, 2009, the district court held a sentencing hearing. At the hearing, Dorcant’s attorney argued for a downward departure from the Guidelines, seeking house arrest in lieu of incarceration. However, the court rejected the defense counsel’s arguments and, after rejecting the government’s request for a two-level enhancement for obstruction of justice, ultimately adopted the recommendation of the PSR. The court sentenced Dorcant to 41 months imprisonment upon each count, a sentence at the upper limit of the calculated Guidelines’ range, to run concurrently, followed by three years supervised release. The district court entered judg *292 ment on January 23, 2009 and Dorcant timely appealed.
II.
In United States v. Gunter, 462 F.3d 237 (3d Cir.2006), this court made explicit the three-step process that the district courts of this Circuit must follow subsequent to the Supreme Court’s ruling in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). First, the court must continue to calculate a defendant’s Guidelines sentence precisely as they would have before Booker. Secondly, they must formally rule on the motions of both parties and state for the record whether they are granting a departure and how that departure affects the Guidelines calculation, taking into account our Circuit’s pre-Booker case law, which continues to have advisory force. Thirdly, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose, regardless whether it varies from the sentence calculated under the Guidelines. U.S. v. Jackson, 467 F.3d 834, 837 (3d Cir.2006).
Dorcant does not attack the calculation of the sentence proposed by the Guidelines, nor were there any formal motions for a Guidelines departure prior to, or at, the sentencing hearing. Consequently, it is with respect to the third requirement that Dorcant accuses the district court of error. Specifically, Dorcant argues that the district court made two errors in sentencing him to 41 months imprisonment: (1) the court abused its discretion in presuming that a sentence within the Guidelines was reasonable in this case; and (2) the court failed to give meaningful consideration to at least one of the sentencing factors prescribed by 18 U.S.C. § 3553(a), viz., the need to avoid unwarranted sentencing disparities among similarly-situated defendants.
With respect to the first issue on appeal, Dorcant contends that because the district court judge did not articulate a reason why he felt that a within-Guidelines sentence was appropriate for Dorcant’s offense, and because the judge likewise did not articulate a reason for refusing to accept defense counsel’s suggestion of a sentence of home arrest in place of a term of incarceration, then the judge must have implicitly made an impermissible determination that the Guidelines’ sentence range of 33 to 41 months’ imprisonment was presumptively reasonable.
However, this Circuit has recognized that those sentences that are within the Guidelines’ range are more likely to be reasonable than those that fall outside the range. United States v. Cooper, 437 F.3d 324, 331 (3d Cir.2006). Although we have declined to give all Guidelines sentences a rebuttable presumption of reasonableness, the Supreme Court in Rita v. United States, decided that such a presumption, while not mandated, is not impermissible. 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).
During the sentencing hearing, the district judge related his reaction to the evidence presented at trial that immigration fraud, such as that practiced by Dorcant, was widespread and he rejected the defense counsel’s argument that Dorcant’s acts were merely pushing at the edge of poorly defined law:
I know, but you see in all of that, it’s also intention. It’s not a situation, I don’t think, where you can successfully argue anyway to me that what [Dorcant] did was the result of inadvertence or misapprehension of the law. It was willful, deliberate acts, as the jury found, from copious evidence. Let’s put it that way, copious evidence.
*293 Tr. at 6, 11. 6-11. Moreover, he rejected Dorcant’s attorney’s arguments that, because Dorcant acted as the caregiver for his children, including a daughter with a possible diagnosis of epilepsy, a sentence limited to home confinement was reasonable. On this point, the district judge observed that:
[T]he child was under his care and guid- . anee when he was committing these crimes. What does that mean? It means I am not impressed by people coming down talking about the need for the child of the parent when he willfully committed these crimes while the child was under his care.
Tr. at 8, 11. 6-10. Moreover, the district judge noted that: “His problems don’t take him outside the mainstream of what happens when a parent is convicted of a crime. And why I say that is because our Circuit has dealt with this quite extensively.” Tr. at 9,11. 10-13. The district judge also noted that, even were he to impose an extensive sentence of house arrest in lieu of imprisonment, Dorcant, as a resident alien, still faced possible deportation after the sentence was expired, a situation over which the district judge had no control.
We cannot say that the sentence imposed by the district court was an abuse of its discretion in this respect. In addition to noting the duration of the sentence proposed under the Guidelines, the district judge noted the widespread evasion of immigration laws that was proven by the evidence in this case, the willfulness of Dorcant’s criminality, and the fact that he persisted in his illegal acts while having the contemporaneous responsibility for his childrens’ care and guidance. The district judge carefully considered the arguments of Dorcant’s attorney, but was unpersuaded that they made a cogent case for the downward departure that she requested for Dorcant.
Dorcant next argues that the district court erred procedurally in imposing the 41-month Guideline sentence because it failed to give appropriate consideration to the § 3553(a) sentencing factors. Specifically, Dorcant contends that the court failed to establish that the sentence imposed recognized the need to avoid unwarranted sentencing disparities among similarly-situated defendants. At the sentencing hearing, Dorcant’s attorney did not point to any similarly-situated defendants to suggest that the district judge’s imposition of a Guidelines sentence was unreasonably severe or disproportionate, nor did she suggest any details of how the district court’s sentence prejudiced Dorcant in this regard.
This argument of Dorcant’s also fails. We do not require a lengthy or complete exegesis of sentencing law; a brief discussion is sufficient, particularly in those cases in which the district court “apparently determined that [a] defendant’s arguments were simply insufficient to warrant a below Guidelines sentence.” United States v. Olfano, 503 F.3d 240, 245 (3d Cir.2007). In this case, the district judge pointed to the widespread violation of immigration laws and the intentionality underlying Dorcant’s criminal acts. Moreover, he explicitly pointed to the cases of other similarly-situated parents facing imprisonment:
We even have a story of a single mother of six children being denied relief because she claimed her imprisonment would deprive those six children of her care. And the Court did not believe that that was sufficient to take her out of the mainstream of what occurs to parents when they commit crimes while they still have dependent children or others dependent upon them.
That’s why I raise the issue about what he talks about [his] child now. But that *294 child was growing up when he was willfully committing that of which he was convicted by this jury.
Tr. at 9,11.14-24.
In this instance, the district judge explicitly explained to Dorcant why his situation, compared with other defendants similarly-situated with respect to their family situation, did not warrant a below-Guidelines sentence. As such, we find that the district court did not abuse its discretion in imposing a sentence within the Guideline range.
In summary, our review of the record reveals that the District Court did not abuse its discretion in imposing a sentence that was within the Guideline range. Consequently, we will affirm that sentence.